JANET M. HEROLD, Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
IAN H. ELIASOPH, Counsel for ERISA
California State Bar No. 227557
**NORMAN E. GARCIA,** Senior Trial Attorney
California State Bar No. 215626
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California  94103
e-mail: garcia.norman@dol.gov
Telephone:  (415) 625-7747
Facsimile:   (415) 625-7772

Attorneys for THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> vs. <br><br> ALFRED H. CHAN, M.D., P.C., a corporation; ALFRED H. CHAN , an individual; JUDY H. CHAN, an individual; ALFRED H. CHAN, M.D., P.C. DEFINED BENEFIT PLAN & TRUST, an employee pension benefit plan <br><br> Defendant. | Case No. 2:15-cv-538-RAJ <br><br> **CONSENT JUDGMENT AND ORDER** |

This action was filed by Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), alleging that Defendants Alfred Chan, Judy Chan and the

Consent Judgment & Order     Case No. 2:15-cv-538-RAJ                                    1

Alfred H. Chan, M.D., P.C., breached their fiduciary duties under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 – 1191c, in connection with the Alfred H. Chan, M.D., P.C. Defined Benefit Plan & Trust (the "Plan"), and seeking to enjoin further violations of ERISA and to obtain other equitable relief.

The Defendants admit that this Court has jurisdiction over them and that this Court has jurisdiction over this action pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies with the United States District Court for the Western District of Washington pursuant to ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2).  The Defendants further acknowledge receipt of the Secretary's Complaint in this action and hereby waive service of process of the Summons and Complaint.

The Secretary and the Defendants have agreed that this Consent Judgment & Order shall fully settle all claims that the Secretary asserted against the Defendants in the Complaint.

The Secretary and the Defendants waive the entry of findings of fact and conclusions of law and agree to the entry of this Consent Judgment in settlement of this action.

The parties hereto having agreed to the entry of this Consent Judgment, and it appearing that the Court has jurisdiction over the parties and subject matter of this action and that the Court is empowered to provide the following equitable relief,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      The Defendants, since at least January 1, 2003, have been fiduciaries of the Plan within the meaning of Section 3(21), 29 U.S.C. § 1002(21), of ERISA;

2.      As fiduciaries, the Defendants violated ERISA as follows:

a.      Defendant Judy Chan failed to hold the assets of the Plan in a trust in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

b.      Defendant Judy Chan caused the assets of the Plan to inure to the benefit of an employer, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

c.      The Defendants failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of

Consent Judgment & Order      Case No. 2:15-cv-538-RAJ                    2

administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

d.    The Defendants failed to discharge their fiduciary duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

e.    The Defendants failed to act in accordance with the documents and instruments governing the Plan in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

f.    Defendant Judy Chan caused the ownership of Plan assets to be maintained outside the jurisdiction of the district courts of the United States, in violation of ERISA § 404(b), 29 U.S.C. § 1104(b);

g.    Defendant Judy Chan caused the Plan to engage in transactions which she knew or should have known constituted a transfer to, or use by, or for the benefit of, parties in interest, of assets of the Plan in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

h.    Defendant Judy Chan dealt with assets of the Plan in her own interest or for her own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1);

i.    Defendant Judy Chan, in her individual or other capacity, acted in a transaction involving the Plan on behalf of a party (or represented a party) whose interests were adverse to the interests of the Plan or the interests of the Plan's participants or beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2); and

j.    Defendant Judy Chan received consideration for her own personal account by parties dealing with transactions that involved Plan assets, in violation of ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3).

k.    The Defendants participated knowingly in the breaches of fiduciary duty of other fiduciaries and/or had knowledge of such breaches by a co-fiduciary and failed to take reasonable efforts to remedy such breaches, in violation of ERISA § 405(a), 29 U.S.C. § 1105(a).

3.      As a direct and proximate result of the breaches of fiduciary duties described in Paragraph 2 *supra*, the Defendants have caused losses to the Plan, including lost-opportunity costs, that exceed the amount in distributions due and owing to the participants in the Plan other than Defendants Alfred Chan and Judy Chan, which was $ $473,978.44 as of March 31, 2015.

4.      The Defendants are permanently enjoined from violating any of the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

5.      The Defendants are permanently enjoined from causing any assets to be removed from any account or limited liability company held in the Plan's name.

6.      An Independent Fiduciary will be selected by the Employee Benefits Security Administration and appointed by the Court upon a motion by the Secretary.  Defendants will not object to or contest Secretary's motion to appoint the Independent Fiduciary.  Upon the appointment of an Independent Fiduciary, the Defendants shall be removed as fiduciaries to the Plan (e.g., Plan Administrator and Trustee) and Defendants Alfred Chan and Judy Chan shall be permanently enjoined from serving as a fiduciary or service provider to any employee benefit plan subject to ERISA.

7.      The Defendants shall cooperate fully with the Independent Fiduciary appointed by the Court in providing documents or information they may have relevant to the Plan's administration and management.

8.      The Independent Fiduciary shall be entitled to reasonable compensation, fees and expenses ("Independent Fiduciary Costs").  In accordance with the governing Plan documents, current Plan assets can be used to advance the Independent Fiduciary Costs.  To the extent the Plan retains assets after the participants in the Plan other than Defendants Alfred Chan and Judy Chan receive distributions in full, such assets will be used to reimburse the costs to the Plan of the Independent Fiduciary before any distribution is made to Defendants Alfred Chan and Judy Chan.

9.      Defendants Alfred Chan and Judy Chan shall not recover any amount from the Plan unless and until the rest of the participants listed in Exhibit A attached hereto receive the

Consent Judgment & Order      Case No. 2:15-cv-538-RAJ                                    4

distributions owing to them in full (as calculated by the Independent Fiduciary or agent thereof), and the Plan reimburses the Independent Fiduciary for all Costs.  .

10.    Once appointed, the Independent Fiduciary shall have the following powers, duties and responsibilities:

a.    The Independent Fiduciary shall have full fiduciary authority and shall have all the powers, rights, discretion, and duties of a trustee, fiduciary, and Plan Administrator under ERISA.

b.    The Independent Fiduciary's responsibilities shall include, but shall not be limited to, establishing or continuing trust accounts for the benefit of the Plan's participants and beneficiaries; communicating with participants regarding their account disbursement options; collecting any necessary information from those persons or entities in custody of such information; calculation of the participants' and beneficiaries' accrued benefits; and determining whether it is more prudent to attempt to renegotiate the Plan's current investments or for the Plan to hold on to such investments.

c.    The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage the Plan's assets for the benefit of the eligible participants and beneficiaries who are entitled to receive such assets, until such time that the Plan's assets are distributed to those participants and beneficiaries.

d.    The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant or beneficiary who is eligible to receive a distribution under the terms of the Plan.  Further, the Independent Fiduciary shall make distributions to each eligible participant and beneficiary of the Plan according to the Plan and any order issued by the Court.

e.    The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including information and records maintained by the Plan's custodial trustees, service providers, and the Defendants.

Consent Judgment & Order    Case No. 2:15-cv-538-RAJ                    5

f.      The Independent Fiduciary shall determine the timing of the Plan's termination and provide for the orderly termination and liquidation of the Plan, including making all distributions and/or rollovers to the participants and beneficiaries as specified above.

11.     Each party to this Consent Judgment agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

12.     The parties to this Consent Judgment expressly waive any and all claims of any nature which each may have against the other, or any of their officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

13.     Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

14.     On March 30, 2015, Defendants Alfred Chan and Judy Chan submitted a request for a financial hardship waiver of the civil penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), and after reviewing the supporting sworn documents provided, the Secretary hereby grants their application.

15.     This Court shall retain jurisdiction of this matter for purposes of enforcing this Consent Judgment.

16.     By signing their names to this Consent Judgment, the parties hereto represent that they are informed and understand the effect and purpose of this Consent Judgment.

17.     This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

//

//

//

Consent Judgment & Order      Case No. 2:15-cv-538-RAJ                          6

The Court directs the entry of this Consent Judgment as a final order.

IT IS SO ORDERED

Dated this 20th Day of May, 2015.

_____
The Honorable Richard A. Jones
United States District Judge